SYLLABUS

(This syllabus is not part of the Court's opinion. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Court. In the interest of brevity, portions of an opinion may not have been summarized.)

**R.A. Feuer v. Merck & Co., Inc. (A-34-18) (081409)**

**(NOTE: The Court did not write a plenary opinion in this case. The Court affirms the judgment of the Appellate Division substantially for the reasons expressed in Judge Ostrer's opinion, published at 455 N.J. Super. 69 (App. Div. 2018).)**

**Argued April 24, 2019 -- Decided May 15, 2019**

**PER CURIAM**

This appeal involves the scope of a shareholder's right to inspect a corporation's records under N.J.S.A. 14A:5-28 and the common law.

Plaintiff R.A. Feuer, a Merck & Co., Inc. shareholder, sought the production of twelve broad categories of documents from Merck. Feuer intended to search for evidence that Merck acted wrongfully when it rejected his previous demand that Merck's board of directors commence suit against itself and senior management responsible for Merck's acquisition of another pharmaceutical firm, Cubist Pharmaceuticals, Inc.

The board appointed a "Working Group" of three of its members to evaluate Feuer's demand, retain counsel, conduct an investigation, and recommend a response. Four months later, the Working Group's counsel informed Feuer that "following a thorough and good faith investigation, the Board of Directors . . . in the exercise of its business judgment, has rejected all of your demands with respect to the acquisition."

Feuer submitted seventeen questions to the attorney. Dissatisfied with the lack of response, Feuer then wrote to the board to demand that the board sue the Working Group's counsel and his firm. Several months after that, in another letter to the board, Feuer demanded the documents that lie at the heart of this appeal. He described twelve categories of "Merck's 'Books and Records'" pertaining generally to the Working Group's activities, communications, and formation; documents provided to the board regarding Cubist and two of its drugs before Merck's tender offer; and the board's consideration of Feuer's demands and the Working Group's recommendations. After Feuer agreed to confidentiality restrictions, the board released to him pertinent minutes of the board and the Working Group. The board otherwise refused Feuer's demand.

1

Feuer filed a complaint alleging that he sought the documents for a proper purpose and was entitled to inspect them under N.J.S.A. 14A:5-28 and the common law. In lieu of an answer, Merck filed a motion to dismiss, which the trial court granted. The court held that Feuer had a "proper purpose" under N.J.S.A. 14A:5-28 in seeking the documents but that the documents Feuer sought fell outside "books and records of account," and the common law did not expand the statutory inspection right.

The Appellate Division affirmed. 455 N.J. Super. 69, 90 (App. Div. 2018).

The Appellate Division panel first considered Feuer's contention that N.J.S.A. 14A:5-28(4) entitled him to the documents that Merck withheld. See id. at 76-83.

The panel noted that N.J.S.A. 14A:5-28(1) requires corporations to maintain "books and records of account and minutes of the proceedings of its shareholders, board and executive committee, if any," and its record of shareholders. N.J.S.A. 14A:5-28(3) entitles certain shareholders, upon a showing of "any proper purpose," to the "minutes of the proceedings of its shareholders" and its "record of shareholders." Finally, N.J.S.A. 14A:5-28(4) -- rather than directly entitle any shareholder to inspect documents -- preserves the court's power to grant inspection to shareholders, for a proper purpose, of the "books and records of account, minutes and record of shareholders of a corporation." That subsection then authorizes the court to limit or condition such access.

The panel observed that the plain language of subsection four's first sentence authorizes inspection of a significantly narrower universe of corporate records than Feuer demanded. The meaning of the word "minutes" is limited, and "books and records of account" consist of accounting or financial documents. The panel reasoned that if it were to expansively define the universe of documents subject to inspection under subsection four, it must do the same regarding the universe of documents that the corporation is required to keep in the first place. Had the Legislature intended "books and records of account" in the first sentence to mean books and records and documents generally, the panel reasoned, it would have said so, as it did in the third sentence. Based on the wording and structure of the statute, the panel also rejected Feuer's reliance on the second sentence of subsection four, which confers discretion on the court to limit an inspection "or award any other or further relief". Finally, the panel found that Feuer is not entitled to broad-ranging inspection under the statute just because it would be useful, or because he prefers it to discovery within a derivative suit. The panel held, in sum, that Feuer's document demands exceeded the scope of inspection that the statute authorizes.

The panel next considered Feuer's common law argument. See id. at 83-90.

The panel noted that the common law created an inspection right that is not necessarily limited to documentary categories specified in the statute but that requires a requesting shareholder to prove good faith and a germane purpose and facts to

2

substantiate the concern about mismanagement.  A shareholder also needed to demonstrate a probability that the interests of all will be served by the proposed investigation, at least where the minority shareholder's request would impose extensive costs on the corporation.  Merck contends that adoption of N.J.S.A. 14A:5-28 abrogates the common law, to the extent subsection four does not expressly preserve it.  The panel noted conflicting views on that issue and reasoned but declined to decide whether the residual common law is abrogated by N.J.S.A. 14A:5-28 because, even if the common law survives alongside the statutory rights, the panel found that the common law still provides no relief under the facts and circumstances of this case.

The panel noted that the pre-1947 Supreme Court held that the bare allegation that a corporation paid excessive prices for certain acquisitions -- a charge similar to Feuer's claims about Merck's Cubist acquisition -- was not enough to justify a common law inspection.  The panel also observed that the extent of a petitioner's holdings appears to be a significant factor in balancing the corporation's burden of compliance with the shareholders' interest in inspection and that a shareholder seeking inspection should demonstrate a probability that all shareholders would be served by his proposed inspection -- a showing Feuer fell short of making.  The panel, furthermore, discerned no basis in the common law cases for the kind of specific inspection Feuer generally seeks -- Feuer largely demands documents he himself prompted the corporation to create.  The panel declined to expand the common law -- to the extent it applies at all -- to recognize a right to inspect documents that did not exist, but for the requester's initial demands.

The Court granted certification.  236 N.J. 227 (2018).

**HELD:**  The judgment of the Appellate Division is affirmed substantially for the reasons expressed in the panel's opinion.

**AFFIRMED**.

**CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, and TIMPONE join in this opinion.  JUSTICE SOLOMON did not participate.**

# SUPREME COURT OF NEW JERSEY
## A-34 September Term 2018
### 081409

R.A. Feuer,

Plaintiff-Appellant,

v.

Merck & Co., Inc.,

Defendant-Respondent.

On certification to the Superior Court,
Appellate Division, whose decision is reported at
455 N.J. Super. 69 (App. Div. 2018).

| Argued | Decided |
|--------|---------|
| April 24, 2019 | May 15, 2019 |

Lisa J. Rodriguez argued the cause for appellant
(Schnader Harrison Segal & Lewis, attorneys; Lisa J.
Rodriguez, on the brief).

J. Gordon Cooney, Jr., of the Pennsylvania bar, admitted
pro hac vice, argued the cause for respondent (Morgan,
Lewis & Bockius, attorneys; J. Gordon Cooney, Jr., John
McGahren, Marc J. Sonnenfeld, of the Pennsylvania bar,
admitted pro hac vice, and Jason H. Wilson, on the brief).

PER CURIAM

1

The judgment of the Superior Court, Appellate Division is affirmed substantially for the reasons expressed in Judge Ostrer's opinion, reported at 455 N.J. Super. 69 (App. Div. 2018).

CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, and TIMPONE join in this opinion. JUSTICE SOLOMON did not participate.